UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	Case No.  8:01-cr-14-T-23MAP
	8:05-cv-955-T-23MAP

IAN McLEAN
_____/

# O R D E R

McLean stands convicted pursuant to a plea agreement of conspiracy to violate various drug statutes, for which he was sentenced to serve one hundred sixty-eight (168) months. On May 16, 2003, the sentence was reduced to one hundred thirty-five (135) months based on the United States' Rule 35(b), Fed.R.Crim.P., motion to reduce sentence.  McLean now challenges the validity of his sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and alleges that based on recent case law his sentence was unconstitutionally enhanced.

A motion to vacate must be reviewed prior to service on the United States.  *See* Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States.  28 U.S.C. § 2255.  *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[*] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). McLean's motion is without merit.

McLean's motion is meritless because the recent decision upon which he relies, *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), does not apply to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether *Booker* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall **ENTER A JUDGMENT** against McLean and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 12, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[*] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).